**IN THE COURT OF APPEALS OF IOWA**

No. 25-1500
Filed December 3, 2025

IN THE INTEREST OF J.B.,
Minor Child,

E.M., Mother,
        Appellant.

_____

        Appeal from the Iowa District Court for Page County, Matthew Schuling,

Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Whitney A. Estwick of Estwick Law, Omaha, Nebraska, for appellant

mother.

        Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

        Ivan E. Miller, Red Oak, attorney and guardian ad litem, for minor child.


        Considered without oral argument by Greer, P.J., and Schumacher and

Ahlers, JJ.

**AHLERS, Judge.**

A mother appeals the juvenile court's order terminating her parental rights to her child, born in 2023.[1]  She challenges the statutory grounds authorizing termination and whether termination is in the child's best interests.[2]

Our review in termination-of-parental-rights cases is de novo.  *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).  We follow a three-step process of determining whether (1) the State has established a statutory ground for termination under Iowa Code section 232.116(1); (2) the State has established that termination of parental rights is in the children's best interests after applying the framework in section 232.116(2); and (3) a permissive exception under section 232.116(3) should be applied.  *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct. App. 2025) (en banc).  We do not address any steps not challenged by a parent.  *Id.*

---

[1] The parental rights of the putative father and any unknown father were also terminated.  No father appeals.

[2] The mother's petition on appeal makes a passing reference to an argument that the Iowa Department of Health and Human Services failed to make reasonable efforts to facilitate reunification.  But a reasonable-efforts challenge is not preserved for our review unless the parent raises the issue to the juvenile court prior to the termination trial.  *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (requiring a parent challenging the adequacy of services raise the challenge to the juvenile court "at the removal, when the case permanency plan is entered, or at later review hearings").  Here, the mother never challenged the adequacy of the services provided prior to the termination trial, so her argument is not preserved for our consideration.  *See id.*

The mother's petition on appeal also refers to the permissive exceptions to termination in Iowa Code section 232.116(3) (2025).  However, it is the parent's burden to prove that an exception applies, *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018), and the mother never advocated for application of any permissive exception at the termination trial.  Accordingly, any claim she attempts to raise regarding application of a permissive exception is not preserved for our consideration.  *See In re J.R.*, 20 N.W.3d 839, 843 (Iowa Ct. App. 2025) (en banc) (concluding that a parent asserting application of an exception under section 232.116(3) must raise the issue to the juvenile court before the parent is permitted to argue the issue on appeal).

The juvenile court found grounds for termination supported under section 232.116(1)(e) and (h). When the juvenile court terminates on multiple grounds, we can affirm based on any ground supported by the record. *Id.* We elect to focus on section 232.116(1)(h), which permits termination of parental rights upon clear and convincing evidence that (1) "[t]he child is three years of age or younger"; (2) "[t]he child has been adjudicated a child in need of assistance"; (3) the child has been removed from the physical custody of a parent for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent at the present time. The mother only challenges the last element.

Following our de novo review, we agree with the juvenile court that the child could not be returned to the mother's custody at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" as used in section 232.116(1)(h)(4) to mean at the time of the termination hearing). The family came to the attention of the department when the child was born with THC in his system and again following reports that the putative father domestically abused the mother in the presence of the child. Then the department learned that a relative took the child to the hospital due to bruising and physical marks on the child's body. That incident prompted the State to petition for adjudication of the child as in need of assistance, which the juvenile court granted. The mother pleaded guilty to child endangerment relating to the underlying events and was placed on probation. She was charged with operating while intoxicated in August 2024 for driving with methamphetamine and THC in her system. And then she tested positive for methamphetamine when tested by her probation officer in October. In the subsequent probation-revocation proceeding, her probation was

modified to require her to reside at a residential correctional facility (RCF). She remained there at the time of the termination hearing and hoped to be discharged by September 2025.[3] Because the RCF would not permit the child to reside with her, that fact alone prevented the child from being returned to the mother's custody at the time of the termination trial—a point the mother concedes in her petition on appeal when she argues only that the child could be "eventually placed back in the [mother]'s home."

Even if the mother's placement at the RCF did not prevent custody being returned to her, we would still conclude that the child could not be safely returned to the mother. She has serious substance-use issues that remain unresolved. She began using methamphetamine when she was just thirteen years old.[4] And she has not demonstrated the ability to remain sober for any meaningful period outside a custodial setting. Even while in the structured setting of the RCF, the mother admitted to "huffing dusters" to get high a week before the termination trial.

We agree with the juvenile court that the child could not be safely returned to the mother at the time of the termination hearing, satisfying a statutory ground for termination under section 232.116(1)(h).

Still, the mother argues that termination is not in the child's best interests. When making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Given the mother's lack of progress and

---

[3] The termination trial was held on July 17.

[4] The mother was thirty-six years old at the time of the termination hearing.

historical inability to keep the child safe, we agree with the juvenile court that termination is in the child's best interests.

Moreover, the child's foster care placement already adopted two of his siblings and are interested in adopting him as well. *See id.* § 232.116(2)(b) (allowing the court, in assessing the child's best interests, to consider "whether the child has become integrated into the foster family" and "whether the foster family is able and willing to permanently integrate the child into the foster family"). The child is doing well with the foster family. *See id.* And terminating the mother's rights is a necessary step before the foster family can adopt the child and permanently integrate him into their family with his siblings. We find termination of the mother's rights to be in the child's best interests.

We affirm the juvenile court's decision to terminate the mother's parental rights.

**AFFIRMED.**